1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
WALTER BALDAIN, JR.,
10  MICHAEL BALDAIN,

11                              NO. CIV. S-09-0931 LKK/GGH
             Plaintiffs,
12
       v.
13                              O R D E R
AMERICAN HOME MORTGAGE
14  SERVICING, INC., OPTION ONE
MORTGAGE CORPORATION,
15  QUALITY LOAN SERVICE CORP.,
OLYMPIC MORTGAGE & INVESTMENT
16  COMPANY, INC., PHILLIP RUBLE
and TIMOTHY ALAN SMITH and
17  DOES 1-20, inclusive,

18
             Defendants.
19  _____/

20       This case addresses the foreclosure of plaintiffs' mortgage.

21  His  First  Amended  Complaint  ("FAC")  names  six  defendants  and

22  enumerates ten causes of action.  Two defendants--American Home

23  Mortgage  Servicing,  Inc.  ("American  Home")  and  Sand  Canyon

24  Corporation,  formerly  known  as  Option  One  Mortgage  Corporation.

25  ("Option One")-- move to dismiss all claims against them, or in the

26  alternative, for a more definite statement.  For the reasons stated

                                1

1  below, the motion to dismiss is granted in part and the motion for

2  a more definite statement is denied.[1]

### I. BACKGROUND

American Home and Option One initially filed a motion to dismiss on June 9, 2009.  This motion was set to be heard on August 17.  On July 31, before plaintiffs' opposition or statement of non-opposition to this motion was due, plaintiffs filed an amended complaint.  The court denied the motion to dismiss without prejudice as moot.  Defendants' renewed motion is before the court. A hearing on this motion was set for September 14, 2009, but plaintiffs' counsel failed to appear.  After defense counsel agreed that oral argument was not necessary, the court took the matter under submission.

**A.   Initial Refinancing Loan[2]**

In October of 2006, defendant Smith told plaintiffs that he was a loan officer for defendant Olympia Mortgage.  Smith solicited plaintiffs to refinance their residence, informing them that he could secure the "best deal" and "best interest rates" available on the market.  FAC ¶¶ 20, 22.  Smith indicated that this loan

---

[1] The court notes that plaintiffs' counsel has filed numerous other actions before this court using nearly identical complaints. For a more extensive discussion of a similar complaint, <u>see Champlaie v. BAC Home Loans Servicing, LLP</u>, No. S-09-1316, 2009 U.S. Dist. LEXIS 102285, 2009 WL 3429622 (E.D. Cal. Oct. 22, 2009). This case, however, raises several issues not discussed in the cited order from <u>Champlaie</u>.

[2] These facts are taken from the allegations in the FAC unless otherwise specified.  The allegations are taken as true for purposes of this motion only.

1 would be a fixed rate loan.  FAC ¶ 23.  However, the loan actually

2 offered to and purchased by plaintiffs was an adjustable rate loan.

3 <u>Id.</u>  Smith also represented to plaintiffs that if the loan became

4 unaffordable, Smith would refinance the loan.  <u>Id.</u>  Smith knew or

5 should have known that these representations would induce

6 plaintiffs to accept the loan to their detriment.  <u>Id.</u>

7 　　　The loan closed on or about December 5, 2006.  FAC ¶ 27.

8 Plaintiffs were not given copies of loan documents prior to

9 closing.  At closing, plaintiffs were given only a few minutes to

10 sign the various documents, with no explanation as to what they

11 were, and plaintiffs were not allowed to review the documents.  At

12 that time, plaintiffs did not receive the various disclosures

13 mandated by the Truth In Lending Act and other statutes, including

14 the notice of right to cancel and statement of when the rescission

15 period would expire.  FAC ¶¶ 25, 34.

16 　　　The loan was secured by a deed of trust, which effectively

17 mortgaged plaintiffs' home.[3]  Plaintiffs allege this deed

18 identified defendant Option One as the lender, FAC ¶ 32 and Premier

19 Trust Deed Services, who is not a party in this suit, as the

20 trustee.  FAC ¶ 27.

21 　　　Option One paid commissions to brokers and loan officers based

22 on the volume of loans they sold to consumers, and such a

23 commission was paid in connection with plaintiffs' loan.  FAC ¶ 29.

24

25 　　　[3] Under California law, a deed of trust is formally distinct from, but similar to, a mortgage.  <u>See</u> <u>Yulaeva v. Greenpoint Mortg.</u>

26 <u>Funding, Inc.</u>, No. S-09-1504, 2009 U.S. Dist. LEXIS 79094, *3-5 (E.D. Cal. Sept. 3, 2009).

As a result, borrowers, including plaintiffs, were encouraged to take loans with terms unfavorable to them.   Id.

**B.    Foreclosure**

At some point, plaintiffs ceased making loan payments.  On May 15, 2008, Quality Loan[4] filed a notice of default on the loan and deed of trust in Yuba County.    FAC ¶ 37.    Quality Loan sent plaintiffs a notice of trustee sale on August 16, 2008.  FAC ¶ 38.

Plaintiffs contend that through Quality Loan's actions, defendants are attempting to obtain title to the property without having established that they are entitled to enforce the deed of trust, and that defendants in fact are not the real parties in interest on the deed and do not have the power to enforce it.  FAC ¶¶ 28, 30.  Defendants argue that these allegations are legal conclusions which the court should disregard.

Plaintiffs further allege on information and belief that "Defendants misrepresented material facts with the intent of forcing Plaintiffs to either pay large sums of money to the Defendants, to which they were not entitled, or to abandon the Property to a foreclosure sale, resulting in profit for the Defendants."  FAC ¶ 43.

////

---

[4] Quality Loan was named in the original complaint, but plaintiffs then dismissed Quality Loan without prejudice pursuant to Fed. R. Civ. P. 41 on June 27, 2009.  Doc. No. 18.  Plaintiffs' FAC, filed on July 31, 2009, again names Quality Loan as a defendant.  The docket does not indicate that Quality Loan has been served with the FAC, and Quality Loan has not stated an appearance in this case.  Even if Quality Loan is properly a party to this suit, it is not party to the present motion.

## C.    Other Activities

Plaintiffs additionally allege that Option One, American Home, and Quality Loan threatened to "collect[] on a debt not owed to [defendants], mak[e] false reports to credit reporting agencies, foreclos[e] upon a void security interest, foreclos[e] upon a Note of which they were not in possession not otherwise entitled to payment, falsely stat[e] the amount of a debt, increas[e] the amount of a debt by including amounts that are not permitted by law or contract, and us[e] unfair and unconscionable means in an attempt to collect a debt."   FAC ¶ 63.   The FAC provides no indication as to when these activities occurred.

## II. STANDARD

## A.    Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules.  In general, these requirements are provided by Fed. R. Civ. P. 8, although claims that "sound[] in" fraud or mistake must meet the requirements provided by Fed. R. Civ. P. 9(b).  <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003).

## 1.    Dismissal of Claims Governed by Fed. R. Civ. P. 8

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests."  <u>Twombly</u>, 550 U.S. at 555 (internal quotation and modification omitted).

1    To meet this requirement, the complaint must be supported by
2    factual allegations.  _Iqbal_, 129 S. Ct. at 1950.  "While legal
3    conclusions can provide the framework of a complaint," neither
4    legal conclusions nor conclusory statements are themselves
5    sufficient, and such statements are not entitled to a presumption
6    of truth.  _Id._ at 1949-50.  _Iqbal_ and _Twombly_ therefore prescribe
7    a two step process for evaluation of motions to dismiss.  The court
8    first identifies the non-conclusory factual allegations, and the
9    court then determines whether these allegations, taken as true and
10   construed in the light most favorable to the plaintiff, "plausibly
11   give rise to an entitlement to relief."  _Id._; _Erickson v. Pardus_,
12   551 U.S. 89 (2007).

13   "Plausibility," as it is used in _Twombly_ and _Iqbal_, does not
14   refer to the likelihood that a pleader will succeed in proving the
15   allegations.   Instead, it refers to whether the non-conclusory
16   factual allegations, when assumed to be true, "allow[] the court
17   to draw the reasonable inference that the defendant is liable for
18   the misconduct alleged."   _Iqbal_, 129 S.Ct. at 1949.  "The
19   plausibility standard is not akin to a 'probability requirement,'
20   but it asks for more than a sheer possibility that a defendant has
21   acted unlawfully."  _Id._ (quoting _Twombly_, 550 U.S. at 557).  A
22   complaint may fail to show a right to relief either by lacking a
23   cognizable legal theory or by lacking sufficient facts alleged
24   under a cognizable legal theory. _Balistreri v. Pacifica Police_
25   _Dep't_, 901 F.2d 696, 699 (9th Cir. 1990).
26   ////

**2.   Dismissal of Claims Governed by Fed. R. Civ. P. 9(b)**

A Rule 12(b)(6) motion to dismiss may also challenge a complaint's compliance with Fed. R. Civ. P. 9(b).  See Vess, 317 F.3d at 1107.  This rule provides that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." These circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).  "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"  Id. at 765 (quoting Moore v. Kayport Package Express, 885 F.2d 531, 541 (9th Cir. 1989)).  Claims subject to Rule 9(b) must also satisfy the ordinary requirements of Rule 8.

**B.   Standard for a Fed. R. Civ. P. 12(e)**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e).  "The situations in which a Rule 12(e) motion is appropriate are very limited."  5A Wright and Miller, Federal Practice and Procedure § 1377 (1990).  Furthermore, absent special circumstances, a Rule 12(e) motion cannot be used to require the

1  pleader to set forth "the statutory or constitutional basis for his

2  claim, only the facts underlying it." McCalden v. California

3  Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). However, "even

4  though a complaint is not defective for failure to designate the

5  statute or other provision of law violated, the judge may in his

6  discretion . . . require such detail as may be appropriate in the

7  particular case." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir.

8  1996).

### III. ANALYSIS

10  The present motion concerns ten causes of action. Four claims

11  are brought against both Option One and American Home, for

12  negligence, fraud, and violations of California's Rosenthal Act and

13  Unfair Competition Law. Five claims are brought solely against

14  Option One, for breach of contract, breach of the implied covenant

15  of good faith and fair dealing, breach of fiduciary duty, and

16  violations of TILA and RESPA. Finally, plaintiffs' claim for

17  wrongful foreclosure is brought as to American Home but not Option

18  One.

19  **A.  Claims against Both Option One and American Home**

20  **1.  Rosenthal Act**

21  California's Rosenthal Fair Debt Collection Practices Act

22  prohibits creditors and debt collectors from making false,

23  deceptive, and misleading representations in an effort to collect

24  a debt. Cal. Civ. Code §§ 1788, et seq. Plaintiffs allege that

25  defendants violated the Rosenthal Act by:

26  ////

> threaten[ing] to take actions not permitted by law, including but not limited to: collecting on a debt not owed to [them], making false reports to credit reporting agencies, foreclosing upon a void security interest, foreclosing upon a Note of which they were not in possession nor otherwise entitled to payment, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair and unconscionable means in an attempt to collect a debt.

FAC ¶ 63.[5] Defendants argue that these allegations fail to satisfy the applicable pleading requirements, and that this claim is barred by the Rosenthal Act's one year statute of limitations. Cal. Civ. Code § 1788.30(f).

Among these allegations, the allegation that defendants "threatened to . . . us[e] unfair and unconscionable means in an attempt to collect a debt," without any indication as to what those means were, is plainly conclusory.

The allegations regarding foreclosure identify conduct that is not prohibited by the Rosenthal Act. Foreclosure on a property is not debt collection activity encompassed by the Rosenthal Act, and as such, the threat of foreclosure is not prohibited. Cal. Civ. Code §§ 1788.13, 2924(b); Champlaie, No. Civ. S-09-1316 at 42, 2009 U.S. Dist. LEXIS 102285 at*55-*56, 2009 WL 3429622 at *18.

---

[5] In the FAC, plaintiffs allege that American Home, Option One, and Quality Loan each engaged in these acts. In opposing the instant motion, plaintiffs state that these acts were performed by American Home, and that "As such, Defendant Option One, in concert with other [American Home], was engaging in collection of an unjust and fraudulent debt against Plaintiffs' Property." Opp'n at 17. This disparity is not pertinent to the court's resolution of this motion.

1    The remaining allegations are that defendants "falsely

2  stat[ed] the amount of a debt," "increas[ed] the amount of a debt

3  by including amounts that are not permitted by law or contract

4  collecting on a debt not owed to [them]," and "[made] false reports

5  to credit reporting agencies."   These allegations satisfy the

6  minimum pleading requirements imposed by Fed. R. Civ. P. 8.   See

7  Champlaie, 2009 U.S. Dist. LEXIS 102285 at *57-58.

8    Defendants argue that these allegations should nonetheless be

9  dismissed on statute of limitations grounds, because plaintiffs

10 have not alleged that the conduct occurred within the limitations

11 period.   The statute of limitations is an affirmative defense, Fed.

12 R. Civ. P. 8(c), and complaints do not ordinarily need to allege

13 the non-availability of affirmative defenses.   United States v.

14 Northern Trust Co., 372 F.3d 886, 888 (7th Cir. 2004).

15 Nonetheless, the statute of limitations may be raised in a motion

16 to dismiss "[w]hen the running of the statute is apparent from the

17 face of the complaint."   Conerly v. Westinghouse Elect. Corp., 623

18 F.2d 117, 119 (9th Cir. 1980), Suckow Borax Mines Consol., Inc. v.

19 Borax Consol., Ltd., 185 F.2d 196, 204 (9th Cir. 1950); see also

20 Supermail Cargo v. United States, 68 F.3d 1204, 1206 (9th Cir.

21 1995) ("A motion to dismiss based on the running of the statute of

22 limitations period may be granted only if the assertions of the

23 complaint, read with the required liberality, would not permit the

24 plaintiff to prove that the statute was tolled.") (internal

25 quotation omitted).

26 ////

Here, plaintiffs have not alleged when these forms of unfair debt collection occurred.  Although a complaint must provide some notice as to when the challenged conduct allegedly occurred, the complaint is not required to allege dates with the specificity necessary to determine the applicability of the statute of limitations.  Even when a complaint does not specify date of occurrence, complaint suffices where it puts defendant "on notice of the time frame in question." Dickens v. District of Columbia, 502 F. Supp. 2d 90, 94 (D.D.C. 2007); see also Castillo v. Norton, 219 F.R.D. 155, 162 (D. Ariz. 2003) ("Rule 8(a) does not require [the complaint] to identify the . . . the dates of the alleged discrimination . . . ."), Supreme Wine Co. v. Distributors of New England, Inc., 198 F. Supp. 318, 320 (D. Mass. 1961), Kuenzell v. United States, 20 F.R.D. 96, 99 (N.D. Cal. 1957).  Federal Rule of Civil Procedure 9(f), which provides that "[a]n allegation of time or place is material when testing the sufficiency of a pleading," "does not have the effect of requiring allegations of time and place, but merely operates to make such allegations, if made, material for the purposes of testing the sufficiency of the pleading as against, for example, a motion to dismiss." Kuenzell, 20 F.R.D. at 99.  I have previously explained that the rules do not require a complaint to specify the exact date of alleged misconduct, and that "[t]his is exactly the sort of information which should be obtained through the discovery process." Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981) (Karlton, J.) (denying a Fed. R. Civ. P. 12(e) motion for

1  more definite statement); see also Supreme Wine Co., 198 F. Supp.

2  at 320 (failure to allege specific dates not grounds for dismissal

3  because discovery is appropriate method for "obtain[ing] the full

4  information needed to prepare the[] defense," including dates of

5  misconduct).[6]

6      In this case, plaintiffs' allegations provide notice of the

7  general time period at issue, namely, the period after plaintiffs

8  defaulted on the loan.  While these allegations do not conclusively

9  demonstrate the applicability or non-applicability of the statute

10 of limitations, they provide sufficient notice to defendants that

11 the statute of limitations may be at issue, and thereby allow

12 defendants to formulate an answer.  Pension Ben Guaranty Corp. v.

13 Greene, 87 F.R.D. 483, 484 (W.D. Pa. 1980).  In cases such as this,

14 the statute of limitations defense cannot be resolved on a motion

15 to dismiss, and may instead be raised on a motion for summary

16 judgment.  Harris v. City of New York, 186 F.3d 243, 250 (2d Cir.

17

18 [6] I note that not all courts have joined in this view of Rule
   12(e).  The Middle District of Pennsylvania has denied a motion to
19 dismiss brought on statute of limitations grounds where "[t]he
   plaintiffs do not aver in their complaint when the alleged
20 overcharges were made and, therefore, the complaint on its face
   does not show that the statute has run," only to require plaintiffs
21 to make a more definite statement, under Fed. R. Civ. P. 12(e), as
   to when these charges occurred.  O'Malley v. Wyoming Nat'l Bank,
22 15 F.R.D. 457, 458 (M.D. Pa. 1954).  Several other courts have
   granted Rule 12(e) motions compelling plaintiffs to provide
23 specific dates.  Intermedics v. Ventritex, Co., 775 F. Supp. 1258,
   1266 (N.D. Cal. 1991) (invoking facts specific to that case),
24 International Harvester Co. v. General Ins. Co., 45 F.R.D. 4, 7 (D.
   Wis. 1968), Buchholtz v. Renard, 188 F. Supp. 888, 892 (S.D.N.Y.
25 1960).  In addition, Supreme Wine Co. held that this information
   may, in certain circumstances, be available through a motion for
26 a more definite statement.  198 F. Supp. at 320.

1 N.Y. 1999).

2     Accordingly, plaintiffs' Rosenthal Act claim is dismissed,

3 except insofar as it is predicated upon allegations that defendants

4 "falsely stat[ed] the amount of a debt," "increas[ed] the amount

5 of a debt by including amounts that are not permitted by law or

6 contract collecting on a debt not owed to [them]," and "[made]

7 false reports to credit reporting agencies."

8     **2. Negligence**

9     Under California law, the elements of a claim for negligence

10 are "(a) a legal duty to use due care; (b) a breach of such legal

11 duty; and (c) the breach as the proximate or legal cause of the

12 resulting injury." Ladd v. County of San Mateo, 12 Cal. 4th 913,

13 917 (1996) (internal citations and quotations omitted); see also

14 Cal Civ Code § 1714(a).  Plaintiffs argue that American Home and

15 Option One acted negligently when they:

16          failed to maintain the original Mortgage Note,
            failed to properly create original documents,
17          . . failed to make the required disclosures to
            the Plaintiffs[,] . . . . took payments to which
18          they were not entitled, charged fees they were
            not entitled to charge, and made or otherwise
19          authorized negative reporting of Plaintiffs
            creditworthiness to various credit bureaus
20          wrongfully.

21 FAC ¶¶ 70-71.

22     California courts have stated that "as a general rule, a

23 financial institution owes no duty of care to a borrower when the

24 institution's involvement in the loan transaction does not exceed

25 the scope of its conventional role as a mere lender of money."

26 Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089,

1096 (1991). <u>Nymark</u> does not apply when the lender's activities exceed those of a conventional lender. <u>Id.</u> at 1096-97. Even when a lender acts within the scope of its traditional role, <u>Nymark</u> announced only a "general" rule. <u>Id.</u> at 1098 (applying <u>Biakanja v. Irving</u> 49 Cal. 2d 647, 320 P.2d 16 (1958)). This court recently evaluated <u>Nymark</u>'s application to a fundamentally similar complaint.

The first type of purportedly negligent activity is Option One's failure to make the disclosures required by TILA.[7] The factors provided by <u>Biakanja</u>, 49 Cal. 2d at 650 and <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 399-405 (1992) support finding a duty of care as to these disclosures. <u>Champlaie</u>, 2009 U.S. Dist. LEXIS 102285 at *75. Defendants have not argued that TILA's statute of limitations preempts a negligence claim brought on this ground. Insofar as the statute of limitations and preemption are defenses, the court will not address this issue sua sponte.

Plaintiffs next argue that defendants were negligent in directing plaintiffs into a loan they did not qualify for. Option One, as a lender, does not owe a duty to a borrower in this regard. <u>Wagner</u>, 101 Cal. App. 3d at 35. Plaintiffs have not alleged that American Home participated in steering plaintiffs to the loan. "Directing" plaintiffs into a loan therefore cannot support a

---

[7] Plaintiffs argue that Option One failed to make disclosures required by RESPA as well, but as explained below, the court concludes that these allegations are conclusory in that they fail to identify which disclosures were inadequate. Plaintiffs have not alleged that American Home failed to make any required disclosures.

1  negligence claim.

2        As to the allegation that defendants negligently prepared the
3  loan documents, plaintiffs have provided no indication as to any
4  defect other than inadequate disclosure in these documents.
5  Plaintiffs have provided no authority for the proposition that
6  defendants had an obligation sounding in negligence to preserve the
7  original documents, nor have plaintiffs explained how a failure to
8  do so caused harm to plaintiffs.

9        Plaintiffs finally allege that defendants generally "took
10 payments to which they were not entitled, charged fees they were
11 not entitled to charge, and made or otherwise authorized negative
12 reporting of Plaintiffs creditworthiness to various credit bureaus
13 wrongfully," FAC ¶ 71.  Plaintiffs contend that defendants were not
14 entitled to receipt of these payments because the loan was itself
15 invalid.  Plaintiffs have not provided any authority, however, for
16 the view that the loan was void ab initio.

17       Accordingly, plaintiffs have stated a claim for negligence
18 based on Option One's failure to make disclosures required by TILA.
19 Plaintiffs have not otherwise stated a claim for negligence as to
20 Option One or American Home.

21       **3.   Fraud**

22       Defendants argue that plaintiffs have failed to adequately
23 allege the substantive elements of a claim for fraud under
24 California law or to meet the pleading standard imposed by Fed. R.
25 Civ. P. 9(b).  The elements of a claim for intentional
26 misrepresentation under California law are: (1) misrepresentation

(a false representation, concealment or nondisclosure), (2) knowledge of falsity, (3) intent to defraud (to induce reliance), (4) justifiable reliance, and (5) resulting damage.  <u>Agosta v. Astor</u>, 120 Cal. App. 4th 596, 603 (2004).  The FAC's allegations supporting the claim for fraud are that:

> Defendants, and each of them, have made several representations to Plaintiffs with regard to material facts. [¶] These representations made by Defendants were false. [¶] Defendants knew that these material representations were false when made, or these material representations were made with reckless disregard for the truth. [¶] Defendants intended that Plaintiffs rely on these material representations. [¶] Plaintiffs reasonably relied on said representations. [¶] As a result of Plaintiffs' reliance, they were harmed and suffered damages.

FAC ¶¶ 91-95.  These allegations are the paragon of conclusory allegations, and they fail to provide the specificity required by Fed. R. Civ. P. 9(b).  They refer to no specific conduct, and give defendants absolutely no indication as to what conduct, if any, underlies the fraud claims.

Without attempting to defend these general allegations, plaintiffs contend that their claim nonetheless satisfies Rule 9(b) because it incorporates by reference all other allegations in the complaint, and that certain of these incorporated allegations, identified in plaintiffs' opposition memorandum, satisfy the applicable requirements.  Contrary to plaintiffs' contentions, these incorporated allegations are also inadequate to demonstrate fraud by Option One and American Home.  Paragraph 41 alleges that "Defendants fraudulently added costs and charges to the payoff

16

amount of the note," but fails to identify particular defendants or representations.   Paragraph 43 alleges that "Defendants misrepresented material facts," without identifying particular defendants, particular facts, or particular representations thereof.

The FAC includes other allegations that identify other defendants' representations with somewhat greater specificity. However, plaintiffs have not identified Option One and American Home's roles, if any, in the alleged fraud by these defendants, as required by <u>Swartz</u>, 476 F.3d at 765.   Accordingly, plaintiff's fraud claim is dismissed as to defendants Option One and American Home.

### 4.   Unfair Competition

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, ("UCL") proscribes "unlawful, unfair or fraudulent" business acts and practices.   Plaintiffs' sole allegation specifying the conduct underlying the UCL claim alleges that "Plaintiffs are informed and believe that Defendants['] acts as alleged herein constitute unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq."   FAC ¶ 99.   Thus, as with the fraud claim, plaintiffs' UCL claim merely conclusorilly alleges the barest elements of an UCL claim, and directs defendants to scour the remainder of the complaint to determine which, if any, allegations incorporated by reference plaintiffs intend as the basis for this claim.

1    The incorporated allegations fail to state a UCL claim based

2 on fraudulent or unfair business practices.  As to fraud, Fed. R.

3 Civ. P. 9(b) applies to UCL claims sounding in fraud, and

4 plaintiffs have failed to meet this standard.  As to unfair

5 business practices, plaintiffs fail to provide defendants with any

6 notice as to which acts by which defendants, if any, are alleged

7 to have constituted such practices.

8    Nonetheless, plaintiffs have adequately alleged unlawful

9 business practices.  As explained elsewhere in this order, the

10 court denies defendants' motion to dismiss as to plaintiffs'

11 negligence, TILA rescission, unfair debt collection, and wrongful

12 foreclosure claims.  These claims provide "unlawful" predicate

13 activity that may support a UCL claim.[8]  Although the court also

14 denies the motion as to plaintiff's breach of contract and good

15 faith claims, a breach of contract or the implied covenant of good

16 faith is not itself "unlawful" activity for purposes of the UCL.

17 Puentes v. Wells Fargo Home Mortgage, Inc., 160 Cal. App. 4th 638,

18 645 (2008) (citing Watson Laboratories, Inc. v. Rhone-Poulenc Rorer

19 178 F. Supp. 2d 1099, 1117 n.12 (C.D. Cal. 2001)).  An act that

20

21    [8] An individual unlawful act may give rise to a UCL claim.
   Defendants erroneously argue that plaintiff's unfair competition
22 claim fails because plaintiffs have not alleged a "pattern of
   behavior" or a "course of conduct" constituting a business
23 practice.  In 1992, the California Legislature amended section
   17200 to expand the definition of unfair competition to include
24 "any unlawful, unfair, or fraudulent business *act* or practice."
   (emphasis added).  Pursuant to this amendment, a single act may
25 give rise to UCL liability.  United Farm Workers of America, AFL-
   CIO v. Dutra Farms, 83 Cal. App. 4th 1146, 1163 (2000) (citing Stop
26 Youth Addiction, Inc. v. Lucky Stores, Inc., 17 Cal. 4th 553, 570
   (1998)).

breaches a contract may serve as the predicate for a UCL claim only if it is independently unfair, fraudulent, or unlawful, and no such separate allegation appears here.  Id.; see also Smith v. Wells Fargo Bank, N.A., 135 Cal. App. 4th 1463, 1483 (2005).

Accordingly, the court dismisses the UCL claim as to Option One and American Home except insofar as the claim is predicated upon the unlawful acts of negligence, wrongful foreclosure or violation of TILA found to be adequately alleged by this order.

**B.   Claims against Option One**

**1.   TILA**

Plaintiffs bring TILA claims for damages and for rescission. Option One argues that the claim for damages is barred by the statute of limitations, and that the rescission claim should be dismissed because plaintiffs have not alleged that they may tender the consideration offered for the loan.

**a.   Civil Damages: Statute of Limitations**

TILA provides a one-year statute of limitations for claims for civil damages.  15 U.S.C. § 1640(e).  Here, plaintiffs' TILA claim arises solely out of failure to make required disclosures at the time the loan was entered, which was on or around December 5, 2006. FAC ¶ 54.  The limitations period began to run at that time, King v. California, 784 F.2d 910, 914 (9th Cir. 1986); see also Lukovsky v. City & County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (in the employment context, claim accrues when plaintiff learns of adverse employment action, regardless of whether plaintiff has reason to suspect a "legal wrong" at that time).  The

1   limitations normally would have expired in December of 2007.

2      This does not end the inquiry, because even though the claim
3   accrued at that time, the running of the limitations period may be
4   equitably tolled, King, 784 F.2d at 915, and subject to equitable
5   estoppel, Ayala v. World Sav. Bank, FSB, 616 F. Supp. 2d 1007 (C.D.
6   Cal. 2009).  Plaintiffs argue that one or both doctrines apply
7   here, because plaintiffs did not have "reasonable opportunity to
8   discover" the facts underlying the claim.  Under Ninth Circuit
9   authority, a motion to dismiss made on statute of limitations
10  grounds must be denied if the complaint "adequately alleges facts
11  showing the potential applicability of the equitable tolling
12  doctrine." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th
13  Cir. 1993); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04
14  (9th Cir. 2006).

15     Here, nothing indicates that plaintiffs were prevented from
16  bringing an earlier TILA claim based upon the complained-of
17  conduct.  For example, one basis for plaintiffs' TILA damages claim
18  is their allegation that they were prevented from reviewing loan
19  documents prior to closing.  Nothing indicates that, at the time
20  of closing, plaintiffs were unaware of the fact that they had been
21  prevented from reviewing these documents, or that plaintiffs were
22  somehow unable to bring a claim based on this purported wrongdoing.
23  Similarly, a failure to make disclosures does not itself prevent
24  a borrower from learning that the disclosures should have been

25

26

made, and plaintiffs have not alleged any further impediment.[9]

Moreover, insofar as plaintiffs rely on equitable estoppel rather

than equitable tolling, the Ninth Circuit has repeatedly held that

equitable estoppel requires "conduct by the defendant 'above and

beyond the wrongdoing upon which the plaintiff's claim is filed,'"

and plaintiffs make no such allegation here.  Lukovsky, 535 F.3d

at 1052 (quoting Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir.

2006) and Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th

Cir. Cal. 2000)) (emphasis omitted).  Lukovsky upheld a grant of

a motion to dismiss on this basis.  Id.  For this reason, the court

grants defendants' motion to dismiss plaintiffs' TILA claim insofar

as this claim seeks civil damages.

### b.   Rescission: Tender

While TILA provides a one-year statute of limitations for

claims for civil damages, TILA provides a three-year limitations

period for claims for rescission.  15 U.S.C. §§ 1635(a) and (f),

15 C.F.R. § 226.23(b)(5).  This period has not expired.

Defendants argue that plaintiffs' TILA claim for rescission

should nonetheless be dismissed because plaintiffs have not alleged

that they are able to tender the amount borrowed.  No binding

authority addresses this issue, and district courts in this circuit

are divided as to whether such an allegation is required.  See,

e.g., Valdez v. America's Wholesale Lender, No. C 09-02778, 2009

---

[9] In this case, unlike in Champlaie, 2009 U.S. Dist. LEXIS 102285, plaintiffs do not allege that defendants provided disclosures with inaccurate information; plaintiffs solely allege that the information was omitted or untimely.

1  U.S. Dist. LEXIS 118241, *14 (N.D. Cal. Dec. 18, 2009) (collecting

2  cases), <u>Singh v. Wash. Mut. Bank</u>, No. C-09-2771, 2009 U.S. Dist.

3  LEXIS 73315 *9-11 (N.D. Cal. Aug. 19, 2009) (same).

4       The effect of rescission is to undo the transaction.  TILA

5  provides that when a borrower provides notice of rescission, the

6  creditor must cancel any security interest and return any money or

7  property (such as earnest money) to the borrower.  15 U.S.C. §

8  1635(b).  Once the creditor has done so, the borrower "shall tender

9  the property to the creditor, except that if return of the property

10 in kind would be impracticable or inequitable, the [borrower] shall

11 tender its reasonable value."  <u>Id.</u>  TILA provides the court with

12 discretion to alter these procedures.  <u>Id.</u>  The borrower is "not

13 liable for any finance or other charge."  <u>Id.</u>  <u>See also</u> 12 C.F.R.

14 § 226.23 (implementing 15 U.S.C. § 1635(b)).

15      The Ninth Circuit interpreted this provision in <u>Yamamoto v.</u>

16 <u>Bank of N.Y.</u>, 329 F. 3d 1167 (9th Cir. 2003).  <u>Yamamoto</u> concerned

17 the timing of termination of the security interest, namely, whether

18 the security interest is terminated before or after the borrower's

19 tender.   Under the statute's default procedure, the security

20 interest terminates prior to tender.  <u>Yamamoto</u> held that in most

21 cases the court *should* exercise its discretion to modify the

22 rescission procedure, making rescission conditional on the

23 borrower's tender, such that the security interest persists until

24 tender is complete.  <u>Id.</u> at 1172.  However, it may be that in some

25 cases this modification impedes a borrower's ability to tender the

26 amount borrowed.   For example, termination of the security may

1  facilitate the borrower's efforts to sell or refinance the property

2  offered as security, and thereby to complete tender.  Id. at 1173

3  (noting, on summary judgment, that plaintiff had offered no

4  evidence that the continuing security interest had such an

5  effect).[10]

6     Yamamoto thus held that the district court had discretion to

7  require the borrower to make a tender prior to rescission, and that

8  the courts should ordinarily impose this requirement.  329 F.3d at

9  1170, 1172.  The Ninth Circuit further held that the district

10  courts may determine whether to modify rescission procedures before

11  determining whether rescission is otherwise warranted.  Id. at

12  1173.  Thus, the district court permissibly exercised its

13  discretion in granting summary judgment to the lender when "it

14  [was] clear from the evidence that the borrower lack[ed] capacity

15  to pay back what she ha[d] received (less interest, finance

16  charges, etc.)."  Id.

17     Yamamoto did not concern a motion to dismiss, and did not

18  discuss whether ability to tender must be alleged in a claim for

19

20     [10] Tender is ultimately required under both the default
    procedure and the modified procedure suggested by Yamamoto.
21  Plaintiffs dispute this, arguing that restitution of the borrowed
    funds may not be required, citing Pedro v. Pacific Plan, 393 F.
22  Supp. 315 (N.D. Cal. 1975).  Contrary to plaintiff's
    characterization of that case, Pedro held that the borrower had an
23  equitable obligation to tender the borrowed funds, notwithstanding
    the lender's failure to comply with the rescission procedures.  Id.
24  at 324.  Pedro in turn relied upon Sosa v. Fite, 498 F.2d 114, 119
    (5th Cir. 1974), which held that when a lender refuses to return
25  the borrower's property or otherwise comply with the rescission
    procedure, it may be impossible for the borrower to make a tender.
26  Neither Sosa nor Pedro has any bearing here, where the lender
    contests rescission, such that the lender has not yet incurred an
    obligation to return property under 15 U.S.C. section 1635(b).

rescission under TILA.  Numerous district courts have held that because rescission "should" normally be conditioned upon tender, a plaintiff must allege either ability to tender or the existence of equitable circumstances that make it inappropriate to condition rescission upon tender.  See, e.g., Mangindin v. Wash. Mut. Bank, 637 F. Supp. 2d 700, 706 (N.D. Cal. 2009).  "It makes little sense to let the instant rescission claim proceed absent some indication that the claim will not simply be dismissed at the summary judgment stage after needless depletion of the parties' and the Court's resources." Valdez, 2009 U.S. Dist. LEXIS 118241 at *16-17.  Other courts have held that no such allegation is required, postponing the exercise of discretion discussed in Yamamoto until a later stage of litigation.  See, e.g., ING Bank v. Ahn, No. C 09-995, 2009 U.S. Dist. LEXIS 60004 (N.D. Cal. July 13, 2009).  Relatedly, at least one court has held that the court could infer that the borrower would be able to tender by selling or refinancing the property purchased with a loan in the event that rescission was found to be appropriate, such that no specific allegation of ability to tender was required.  Burrows v. Orchid Island TRS, LLC, No. 07-CV-1567, 2008 U.S. Dist. LEXIS 21120, *18, 2008 WL 744735, *6 (C.D. Cal. Mar. 18, 2008).

   Mindful of the obligation to construe the allegations and facts in the light most favorable to the plaintiffs at this stage, the court declines to require plaintiffs to allege an ability to tender or the existence of special circumstances.  Defendants' motion to dismiss is denied as to plaintiffs' TILA claim for

1  rescission.   Plaintiffs are cautioned, however, that Yamamoto
2  directs this court to require tender prior to rescission in the
3  majority of cases, and that plaintiffs will need to meet this
4  standard at subsequent stages.

5     **2.   RESPA**

6     Defendants' primary challenge to plaintiffs' RESPA claim is
7  that it does not contain specific factual allegations.  Plaintiffs
8  concisely allege that "Defendant Option One violated RESPA at the
9  time of closing on the sale of the Property by failing to correctly
10 and accurately comply with the disclosure requirements provided
11 therein."   FAC ¶ 76; see 12 U.S.C. § 2601.  This allegation is
12 conclusory in that it fails to identify what information, if any,
13 CHL failed to disclose or CHL inaccurately disclosed.[11]

14    Although this resolves the motion with respect to the RESPA
15 claim, two other issues warrant discussion.   In opposing this
16 motion, plaintiffs argue as though the RESPA claim is brought
17 against both Option One and American Home.   However, the FAC
18 alleges that this claim is only brought as to certain defendants,
19 not including American Home.  Nor does the FAC allege any conduct

20

21    [11]  Plaintiffs argue that this allegation constructively
   identifies specific information that should have been disclosed,
22 because "the only disclosures mandated under RESPA at the time of
   closing[] are those pertaining to escrow costs."  Amended Opp'n,
23 32.  Of the two citations plaintiffs provide in purported support
   of this argument, 12 U.S.C. § 2601 is a statement of purpose
24 containing no requirements, and 12 C.F.R. § 3500.2(b) is not a
   valid citation.  Moreover, nothing in the complaint specifies that
25 plaintiffs seek to hold defendants accountable solely for conduct
   occurring at the time of closing; indeed, it appears that
26 plaintiffs argue that these defendants are liable under RESPA for
   other conduct as well.

by American Home as the basis for the RESPA claim. While plaintiffs' opposition argues that the American Home violated RESPA by failing to respond to a qualified written request, this allegation does not appear in the FAC's RESPA claim. Thus, the FAC fails to plead a RESPA claim against American Home. If plaintiffs chose to file an amended complaint, they may allege a RESPA claim as to American Home.

Similarly, plaintiffs' opposition argues that "it remains unclear whether Defendants named in this lawsuit, AHMSI and Option One included, received "kickbacks" or referral fees disproportional to the work performed, which is prohibited under 12 U.S.C. § 2607(a)." Opp'n at 22. No such allegation appears in the complaint. Plaintiffs may choose to add such an allegation in an amended complaint, provided that they may do so while complying with Fed. R. Civ. P. 11.

**3. Fiduciary Duty**

Plaintiffs allege that Option One owed them a fiduciary duty, and that Option One breached this duty. "[A]bsent special circumstances . . . a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender." Oaks Management Corporation v. Superior Court, 145 Cal. App. 4th 453, 466 (2006) (collecting cases); Nymark, 231 Cal. App. 3d at 1093 n.1.

Plaintiffs concede that lenders do not ordinarily owe fiduciary duties, but argue that in this case, Option One entered into agency relationships with the brokers, and therefore became

subject to the broker's fiduciary duties.  While plaintiffs allege that Option One provided incentives to the brokers, plaintiffs have not alleged that Option One exercised control over the brokers' conduct, or that the brokers had actual or apparent authority to act on Option One's behalf.  Accordingly, plaintiffs have not alleged facts from which the court may plausibly infer either an employment or an agency relationship.  See <u>Metropolitan Water Dist. v. Superior Court</u>, 32 Cal. 4th 491, 512 (2004) (following the Restatement Second of Agency (1958), § 220), Cal. Civ. Code §§ 2299, 2300; <u>J.L. v. Children's Institute, Inc.</u>, 177 Cal. App. 4th 388, 403-404 (2009).  Absent an indication that Option One owed a fiduciary duty a to plaintiffs, Option One cannot be liable for civil conspiracy to breach that fiduciary duty.  <u>Applied Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal.4th 503, 511, 514 (1994), <u>Champlaie</u>, 2009 U.S. Dist. LEXIS 102285 at *62-65.

### 3. Breach of Contract

Plaintiffs allege that "Plaintiffs entered into an agreement with Defendants Option One, Smith, and Ruble, whereby Defendants promised to provide Plaintiffs with an affordable loan," FAC ¶ 104, that "Plaintiffs fully performed their duties under the contract with Defendants Smith, Ruble, and Option One," FAC ¶ 105, and that defendants, including Option One, breached this agreement in a variety of ways, including by failing to secure the promised payment and interest rates, FAC ¶ 106.

Defendants argue that this claim should be dismissed because "Under long-standing, California law, a Plaintiff pleading breach

of contract must either attach a copy of the contract to the complaint or set forth the relevant contract terms verbatim." Mem. Supp. Mot. Dismiss at 22.  Defendants cite Campbell v. Allstate Ins. Cos., No. 95-1171, 1995 WL 376926, at *2 (C.D. Cal. May 17, 1995) for both this rule of California law and for the conclusion that the rule applies in federal court.  However, as a court of this district recently explained, California pleading rules do not apply in federal court, and in any event, it is not clear that Campbell accurately stated California law.  See Wang & Wang LLP v. Banco Do Brasil, S.A., No. S-06-00761, 2007 WL 915232, *3 (E.D. Cal. March 26, 2007) (citing Constr. Protective Servs., Inc. v. TIG Specialty Ins. Co., 29 Cal. 4th 189, 198-99 (2002)).  For the reasons provided in Wang & Wang, the court declines to follow Campbell.

The pleading here provides less detail than the one found adequate in Wang & Wang, in that it fails to specify plaintiffs' obligations under the purported contract.  The allegations nonetheless satisfy the liberal pleading standard under Fed. R. Civ. P. 8.  A plaintiff may plead a contract claim by setting for the contract's "legal effect."  Fed. R. Civ. P. Official Form 3, 12; see also Federal Rule of Civil Procedure 84 (declaring these forms to be sufficient).  Plaintiffs have met this standard.

### 4. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs allege that defendants, including Option One, breached the duty of good faith and fair dealing by "failing to pay

at least as much regard to Plaintiffs' interests as to Defendants' interests," "Failing to disclose . . . the true nature of the loan that is the subject of this action," "Failing to give Plaintiffs' the requisite notice and disclosures," and "failing to comply with all applicable laws, including notice requirements, before foreclosure."  FAC ¶¶ 112-113.

Defendants argue that this claim should be dismissed because it is predicated upon the existence of an underlying contract. However, as noted above, the court denies the motion to dismiss the breach of contract claim.

Nonetheless, plaintiffs have failed to state a claim for *tortious* breach of the implied covenant of good faith and fair dealing.  A good faith claim sounds in tort only when there is a "special relationship" between the contracting parties, such as the relationship between an insurer and an insured in an insurance contract.  <u>See, e.g.</u>, <u>Jonathan Neil & Assoc. v. Jones</u>, 33 Cal. 4th 917, 932 (2004).  Plaintiffs have not alleged any facts which, if true, would demonstrate the existence of such a relationship here. Furthermore, California courts have specifically held that at least as between lenders and commercial borrowers, there is ordinarily not a special relationship giving rise to tortious bad faith liability.  <u>Kim v. Sumitomo Bank</u>, 17 Cal. App. 4th 974, 979 (1993) (citing <u>Careau & Co. v. Security Pacific Business Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1399, n.25 (1990)).  Because there is no such special relationship, Option One is not required to pay as much regard to plaintiffs' interests as to its own.  Plaintiffs' good

1  faith and fair dealing claim is dismissed in insofar as it seeks
2  tort damages.    The claim may proceed insofar as it sounds in
3  contract.

4  **C.    Claims against AHMSI - Wrongful Foreclosure**

5       The only claim alleged against defendant American Home but not
6  Option One is for wrongful foreclosure.  Defendants argue that this
7  claim suffers three faults: plaintiffs fail to attach the relevant
8  documents, plaintiffs failed to specify whether foreclosure has
9  occurred, and plaintiffs fail to specify American Home's specific
10 role.

11      Just as the federal rules do not require attachment of
12 contracts to a complaint for breach of contract, the rules do not
13 require attachment of documents in a wrongful foreclosure action.

14      Defendants argue that the complaint must specify whether
15 foreclosure has already occurred, but provide no authority on this
16 issue (or for any other argument for dismissal of this claim).
17 Here, the claim challenges conduct prior to foreclosure, and
18 foreclosure itself may not be relevant.    In at least some
19 circumstances, California courts have allowed wrongful foreclosure
20 claims to proceed even when there was not actual foreclosure.
21 Garretson v. Post, 156 Cal. App. 4th 1508, 1514 (2007).[12]  Absent
22 argument by defendants, the court declines to examine whether the
23 instant case should be distinguished from Garretson.

24 _____

25      [12] Plaintiffs cite Munger v. Moore, 11 Cal. App. 3d 1, 6
26 (1970) as another such case, but contrary to plaintiff's
   characterization of the case, the claim at issue there was filed
   after a trustee's sale.

1    Finally, defendants argue that the complaint fails to specify
2    American Home's specific conduct giving rise to a wrongful
3    foreclosure claim.  The complaint contains specific allegations,
4    namely that American Home and Quality Loan together "failed to
5    properly record and give notice of the Notice of Default, which
6    apparently occurred on or about May 15, 2008," FAC ¶ 121; that
7    American Home failed to reply to a qualified written request sent
8    to American Home by plaintiffs pursuant to RESPA; FAC ¶ 122; and
9    that American Home failed to suspend foreclosure activities during
10   a period in which it was required to do so pursuant to federal
11   guidelines promulgated on March 4, 2009 under the Emergency
12   Economic Stabilization Act of 2008.  FAC ¶¶ 124-126.  Thus, the
13   complaint identifies specific conduct.  Absent further argument by
14   defendants, the court will not engage in a sua sponte evaluation
15   as to whether this alleged conduct supports a wrongful foreclosure
16   action.

17   **D.    Motion for a More Definite Statement**

18   Defendants have offered no separate argument in support of
19   their motion for a more definite statement, instead merely
20   incorporating by reference their arguments for dismissal.  The
21   motion for a more definite statement is denied.

22                          **IV. CONCLUSION**

23   For the reasons stated above, the court GRANTS IN PART
24   defendants Option One and American Home's motion to dismiss (Doc.
25   No. 23).  Defendants' incorporated motion for a more definite
26   statement is DENIED.

31

1        The court DISMISSES WITHOUT PREJUDICE the following claims as

2   to defendants Option One and American Home:

3        1.   Plaintiffs' first claim, under TILA, insofar as it seeks

4             civil damages.

5        2.   Plaintiffs' fourth claim, under RESPA.

6        3.   Plaintiffs' fifth claim, for breach of fiduciary duty

7        4.   Plaintiffs' sixth claim, for fraud.

8   The court DENIES defendants' motion as to the following claims,

9   which may proceed to the extent consistent with the order above.

10       1.   Plaintiffs' first claim, insofar as it seeks rescission

11            under TILA.

12       2.   Plaintiffs' second claim, under California's Rosenthal

13            Act.

14       3.   Plaintiffs' third claim, for negligence.

15       4.   Plaintiffs' seventh claim, for violation of California

16            Bus. & Prof. Code § 17200.

17       5.   Plaintiffs' eighth claim, for breach of contract.

18       6.   Plaintiffs' ninth claim, for breach of the implied

19            covenant of good faith and fair dealing.

20       7.   Plaintiffs' tenth claim, for wrongful foreclosure.

21   Plaintiffs are granted twenty days from the date of this order in

22   which to file an amended complaint.

23       IT IS SO ORDERED.

24       DATED:  January 5, 2010.

25

26                                   LAWRENCE K. KARLTON
                                     SENIOR JUDGE
                                     UNITED STATES DISTRICT COURT