UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER BALDAIN, JR.,
MICHAEL BALDAIN,

                            NO. CIV. S-09-0931 LKK/GGH

    Plaintiffs,

    v.

                            O R D E R

AMERICAN HOME MORTGAGE
SERVICING, INC., OPTION ONE
MORTGAGE CORPORATION,
QUALITY LOAN SERVICE CORP.,
OLYMPIC MORTGAGE & INVESTMENT
COMPANY, INC., PHILLIP RUBLE
and TIMOTHY ALAN SMITH and
DOES 1-20, inclusive,

    Defendants.
                                /

    Plaintiffs in this suit bring various claims arising out of foreclosure on a mortgage. Plaintiffs' second amended complaint ("SAC") names six defendants. Pending before the court are two motions to dismiss, filed by separate groups of defendants. The first motion is filed by the American Home Mortgage Servicing, Inc. ("AHMSI") and Sandy Canyon Corporation F/K/A Option One Mortgage Corporation ("Option"). The second group of defendants are Olympic

1

1  Mortgage & Investment Company, Inc. ("Olympic"), Philip Lynn Ruble
2  ("Ruble"), and Timothy Allan Smith ("Smith").
3      This suit was initially filed in federal court on the basis
4  of federal question jurisdiction.  Prior complaints alleged claims
5  under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA")
6  and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-
7  2617, ("RESPA"), as well as various state law.  Plaintiffs' SAC
8  omits these federal causes of action, notwithstanding the fact that
9  the court previously denied the motion to dismiss plaintiffs' TILA
10 claim for rescission as alleged in the prior complaint.  Order of
11 January 5, 2010.
12     In light of these omissions, the SAC alleges only state law
13 causes of action, to wit, negligence, violation of the California
14 Rosenthal Act, breach of fiduciary duty, fraud, violation of
15 California Business and Professions Code §§ 17200 *et seq.*, breach
16 of contract, breach of the implied covenant of good faith and fair
17 dealing, and wrongful foreclosure.  In the usual case where all
18 federal claims are dismissed at the pleading stage, the proper
19 course is to decline to continue to exercise supplemental
20 jurisdiction over remaining state law claims.  28 U.S.C. § 1367(c);
21 see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini
22 v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th
23 Cir. 1994) ("[I]n the usual case in which federal-law claims are
24 eliminated before trial, the balance of factors . . . will point
25 toward declining to exercise jurisdiction over the remaining state
26 law claims.")(quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th

2

Cir. 1991)).

If the complaint continues to present an independent basis for subject matter jurisdiction, then this rule does not apply. Here, the SAC asserts that federal question jurisdiction remains proper. A state law claim presents a federal question, for purposes of "arising under" jurisdiction, where it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). In the SAC, at least one theory of liability seems to turn exclusively on federal law. See SAC ¶ 122 (defendants were negligent in failing to "respond to Plaintiffs' Qualified Written Request *pursuant to 12 U.S.C. § 2605(e)*, and to give Plaintiffs notice of the transfer of the servicing rights to their loan *pursuant to 12 U.S.C. § 2605(c)*.") (emphasis added). Various other claims implicitly invoke obligations imposed by TILA.

At oral argument in this matter, plaintiffs' counsel indicated his preference to proceed in state court, and his willingness to dismiss his allegations and theories of liability that implicated federal law. Counsel for defendants agreed that in light of such voluntary dismissal, the court should decline to exercise supplemental jurisdiction over the remaining claims.

Accordingly, the court ORDERS as follows:

1. Plaintiffs' claims are DISMISSED WITH PREJUDICE *solely* insofar as those claims turn *exclusively on* duties

3

```
 1            imposed by federal law.  Rains v. Criterion Sys., Inc.,
 2            80 F.3d 339, 346 (9th Cir. 1996) (no federal question
 3            where federal law provides merely an alternative theory
 4            as an element of a state law claim).  Fed. R. Civ. P.
 5            41(a)(2).
 6       2.   Plaintiffs' remaining claims are DISMISSED FOR LACK OF
 7            SUBJECT MATTER JURISDICTION.
 8       IT IS SO ORDERED.
 9       DATED:  March 25, 2010.
```

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4