1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9
WALTER BALDAIN, JR.,
10 MICHAEL BALDAIN,

11                              NO. CIV. S-09-0931 LKK/GGH
            Plaintiffs,
12
        v.
13                              O R D E R
AMERICAN HOME MORTGAGE
14 SERVICING, INC., OPTION ONE
MORTGAGE CORPORATION,
15 QUALITY LOAN SERVICE CORP.,
OLYMPIC MORTGAGE & INVESTMENT
16 COMPANY, INC., PHILLIP RUBLE
and TIMOTHY ALAN SMITH and
17 DOES 1-20, inclusive,

18
            Defendants.
19 _____/

20      Plaintiffs filed suit in connection with their home mortgage.

21 After plaintiffs abandoned their federal claims (including one

22 theory of state law liability predicated solely on a federal

23 question), the court declined to retain supplemental jurisdiction

24 over plaintiffs' state law claims.  Defendant Sand Canyon

25 Corporation, f/k/a Option One Mortgage Corp., ("Option One") now

26 seeks to enforce fee shifting provisions contained in the loan and

                               1

mortgage contracts.   The court resolves the motion on the papers and after oral argument.   For the reasons stated below, defendant's motion is denied.

## I. Background

### A.   Procedural History

In December 2006, plaintiffs refinanced their home with a loan from Option One.   See, e.g., Plaintiffs' Second Amended Complaint ¶ 44.   Plaintiffs fell into default, after which Option One and/or other defendants in this suit initiated non-judicial foreclosure proceedings in May 2008.   Although the record is unclear, it appears that no foreclosure sale has yet occurred.

Plaintiffs filed suit in this court on April 4, 2009 against Option One and five named defendants not at issue here.   The initial complaint enumerated three federal claims, under the Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, ("RESPA"), and the Racketeer Influenced and Corrupt Organizations act ("RICO"), 18 U.S.C. § 1961, together with eight state-law claims.   After Option One moved to dismiss the initial complaint, plaintiff filed an amended complaint omitting the RICO claim.   On Option One's renewed motion, the court dismissed in part plaintiffs' TILA claim and dismissed in full plaintiffs' RESPA claim, both without prejudice.   See Order filed January 5, 2010 (Dkt. No. 44).   The court largely denied the motion to dismiss as to plaintiffs' state law claims.

On January 25, 2010, plaintiffs filed an amended complaint re-

2

pleading the eight state law claims but omitting the TILA and RESPA claims, notwithstanding the fact that the preceding motion to dismiss had been denied in part as to the TILA claim.   One theory of negligence liability asserted by plaintiffs, however, turned exclusively on an alleged violation of RESPA.

Option One, as well as several other defendants, again moved to dismiss.   At oral argument on the motion, the court noted that the claim of negligence liability predicated on violations of RESPA potentially provided a basis for federal question jurisdiction under <u>Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308 (2005).   In response, plaintiffs abandoned that theory of liability.   The court concluded that no federal questions remained and declined to retain supplemental jurisdiction under 28 U.S.C. § 1367.   Order filed April 8, 2010 (Dkt. No. 65).

In that order, the court dismissed with prejudice the SAC's claims "solely insofar as those claims turn exclusively on duties imposed by federal law," without specifying which claims were included in this description.   This dismissal was accompanied by a citation to Fed. R. Civ. P. 41(a)(2).   The remaining claims-- again unspecified--were dismissed for lack of subject matter jurisdiction.   In accordance with this order, final judgment was entered on April 8, 2010.

Option One now seeks an award of attorney fees.   Option One argues that it is entitled to an award under a contractual fee shifting provision rendered enforceable by Cal. Civ. Code § 1717, or alternatively under the court's inherent power.

**B.    Language of the Contractual Fee Shifting Provisions**

Option One invokes two fee shifting provisions: one included in the promissory note and one in the deed of trust.   The promissory note's provision states:

> **Payment of Note Holder's Costs and Expenses:**
> If the Note Holder [Lender] has required me [Borrower] to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law, whether or not a lawsuit is filed.   Those expenses include, for example, reasonable attorneys' fees.

Decl. of Christopher H. Doyle (Dkt. No. 69), Promissory Note, Ex. F, ¶ 7(D).   The Deed of Trust provides that:

> **Reimbursement:**
> To the extent permitted by applicable law, Borrower shall reimburse Trustee and Lender for any and all costs, fees and expenses which either may incur, expend, or sustain [...] arising out of or in connection with this Security Instrument, the Note, or any other note [...] Including [...] legal fees [...] and all other fees of a similar nature not prohibited by law.

Id., Deed of Trust ¶ 32.

**II. Discussion**

**A.    Contractual Fee Shifting Provisions**

**1.    California Law Renders Fee Shifting Agreements Enforceable**

Federal courts apply state law in interpreting and enforcing fee shifting agreements. <u>Ford v. Baroff</u>, 105 F.3d 439, 442 (9th

////

////

4

Cir. 1997).[1]  California law provides two separate frameworks governing fee shifting agreements.  The California Code of Civil Procedure, which Option One has not cited here, provides the more general framework.  California Code of Civil Procedure § 1021 provides that, except where otherwise specified by statute, parties are free to enter their own agreements regarding payment of fees. Similarly, a prevailing party may ordinarily recover costs, §§ 1021 and 1032(b), and parties may contractually designate fees as recoverable costs, § 1033.5(a)(10).  The effect of these provisions is that "[p]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." Santisas v. Goodin, 17 Cal. 4th 599, 608 (1998) (quoting Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1341 (1992)).

For fee shifting in connection with actions "on a contract," California Civil Code § 1717 preempts the general framework provided by the Code of Civil Procedure.  Santisas, 17 Cal. 4th at 617 (citing § 1717(a)).  Section 1717 differs by placing two immutable limits on covered fee shifting agreements.  First, § 1717 renders all fee shifting agreements to which it applies bilateral, even when the agreement's language provides for only unilateral fee shifting.  Santisas, 17 Cal. 4th at 611 (citing § 1717(a)). Second, § 1717 expressly provides that in cases of voluntary

---

[1] Plaintiffs' contention that the state frameworks apply only to litigation of state causes of action is contrary to common sense and unsupported by any citation to authority.  This is a question of rights under a contract governed by state law.

dismissal, there is no "prevailing party," regardless of whether the agreement's language defines prevailing party more broadly. Id. at 617, 622-23 (quoting § 1717(b)(2)).

> **2.    Under Either Framework, only A "Prevailing Party" May Recover Fees**

The fee shifting agreements at issue here provide that the borrower is entitled to fees incurred "in enforcing this Note" or "in connection" therewith.  Option One acknowledges that these provisions only entitle it to fees if it was a "prevailing party" in the litigation.  See Defs.' Brief 2:26 - 3:17 (Dkt. No. 71). See also Santisas, 17 Cal. 4th at 608 (under the two California frameworks, "[p]arties may validly agree that the *prevailing party* will be awarded attorney fees . . . .") (emphasis added).  In this section, the court discusses what it means to be a "prevailing party" on an individual claim.  Below, the court discusses the consequences that follow when, in a suit involving multiple claims, a party receives different results on different claims.

Aside from Civil Code section 1717's rule that voluntary dismissal does not result in a prevailing party, neither California framework limits parties' ability to define the term.  As such, courts begin with the terms of the contract and the "ordinary tools of contract interpretation." Santisas, 17 Cal. 4th at 608; see also id. at 622.  Where, as here, the contract does not give a "'technical sense or a special meaning'" to the term prevailing party, courts interprets the term according to the "'ordinary and popular sense.'"  Id. at 608 (quoting Cal. Civ. Code § 1636).

1  <u>Santisas</u> further explained that

2  > [where a] contract allows the prevailing party
   > to recover attorney fees but does not define
3  > "prevailing party" or expressly either
   > authorize or bar recovery of attorney fees in
4  > the event an action is dismissed, a court may
   > base its attorney fees decision on a pragmatic
5  > definition of the extent to which each party
   > has realized its litigation objectives,
6  > whether by judgment, settlement, or otherwise.

7  <u>Santisas</u>, 17 Cal. 4th at 622.  Thus, where the contract is silent,

8  courts look to whether a party has prevailed in the "ordinary and

9  popular sense," and whether the party has "realized its litigation

10 objectives."

11     <u>Santisas</u>'s illustration of these principles' application under

12 the Code of Civil Procedure (where voluntariness of dismissal is

13 not dispositive) was brief:

14 > Plaintiffs' objective in bringing this
   > litigation was to obtain the relief requested
15 > in the complaint. The objective of the seller
   > defendants in this litigation was to prevent
16 > plaintiffs from obtaining that relief. Because
   > the litigation terminated in voluntary
17 > dismissal *with prejudice*, plaintiffs did not
   > obtain by judgment any of the relief they
18 > requested, nor does it appear that plaintiffs
   > obtained this relief by another means, such as
19 > a settlement. Therefore, plaintiffs failed in
   > their litigation objective and the seller
20 > defendants succeeded in theirs.

21 <u>Id.</u> at 609 (emphasis added).  Based on this analysis, <u>Santisas</u> held

22 that under rules of contract law (and without considering Cal. Civ.

23 Code § 1717) that defendants were the prevailing party.

24     In this case, many claims were dismissed without prejudice.

25 <u>Santisas</u> did not discuss whether such dismissal could give rise to

26

7

1  a prevailing party.[2]  Two other courts interpreting fee shifting

2  agreements under California law have held that when claims are

3  dismissed without prejudice and the plaintiff continues to litigate

4  those claims in another forum, neither party has yet realized its

5  objectives.  Estate of Drummond, 149 Cal. App. 4th 46, 51 (2007),

6  Advance Fin. Res., Inc. v. Cottage Health Sys., No. Civ. 08-1084,

7  2009 U.S. Dist. LEXIS 79647 (D. Or. Sept. 1, 2009) (applying

8  California law).  This court is not aware of any decision holding

9  to the contrary.  Drummond explained that in this circumstance,

10  defendants "no more 'prevailed' than does a fleeing army that

11  outruns a pursuing one.  Living to fight another day may be a kind

12  of success, and surely it is better than defeat.  But as long as

13  the war goes on, neither side can be said to have prevailed."  149

14  Cal. App. 4th at 53.[3]

15      Drummond further relied on Hsu v. Abbara, 9 Cal. 4th 863, 876

16  (1995), which held that under Cal. Civ. Code § 1717, "'[t]he

17  _____

18  [2] Although Cal. Code Civ. P. 1032(a)(4) defines "prevailing
    party" to include "a defendant in whose favor a dismissal is

19  entered," this definition applies to statutory entitlement to
    costs, and is not controlling in interpreting private fee shifting

20  agreements.  Chinn v. KMR Property Management, 166 Cal. App. 4th
    175, 190, 193 (2008) (citing Santisas, 17 Cal.4th at 621-622).

21  [3] Other California cases have distinguished Drummond.  For
    example, a party who succeeds in a litigating an arbitration clause

22  may be a "prevailing party" entitled to fees notwithstanding the
    fact that resolution of the underlying dispute is incomplete.

23  Turner v. Schultz, 175 Cal. App. 4th 974, 982 (2009), Otay River
    Constructors v. San Diego Expressway, 158 Cal. App. 4th 796, 799

24  (2008).  In Turner and Otay River, unlike in Drummond, Advance
    Financial, and this case, the contract itself provided rights

25  regarding forum choice, so litigation of that issue was itself
    litigation of the contract.  Drummond therefore supplies the

26  governing rule here.

1  prevailing party determination is to be made only upon final

2  resolution of the contract claims.'" Drummond, 149 Cal. App. 4th

3  at 51.  Drummond reasoned that Hsu required resolution of the

4  *contract rights*, rather than resolution of a particular *case*. Id.

5  at 51. This rule from Hsu appears equally appropriate under the

6  California Code of Civil Procedure.

7      The Drummond court did conceive, in dicta, that in some cases

8  a defendant may prevail even though dismissal was without

9  prejudice, although the court recognizing that the question was not

10  before it.[4]

11      Cases interpreting federal fee and cost shifting statutes have

12  also interpreted the term prevailing party, and provide persuasive

13  authority regarding the usual meaning of the term.  Under the

14  majority of the federal statutes, "'material alteration of the

15  legal relationship of the parties'" that is "judicially sanctioned"

16  is a prerequisite to an award of fees. Buckhannon Bd. & Care Home

17  v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-605

18  (2001) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch.

19  Dist., 489 U.S. 782, 792 (1989)); see also id. at 603 n.4, Klamath

20  Siskiyou Wildlands Ctr. v. United States BLM, 589 F.3d 1027, 1030

21  (9th Cir. 2009) (Buckhannon applies to federal statutes generally);

22  but see Cornucopia Inst. v. United States Dep't of Agric., 560 F.3d

23

24      [4]  "We can conceive of cases where a party obtaining a
    dismissal of contract claims on purely procedural grounds might be
    found to have prevailed on the contract, even though the dismissal
25  was without prejudice, because the plaintiff had no other means to
    obtain relief under the contract." Drummond, 149 Cal. App. 4th at
26  53.

673, 677 (7th Cir. 2009) (Congress explicitly superceded <u>Buckhannon</u>

in the narrow context of the Freedom of Information Act, 5 U.S.C.

§ 552(a)(4)(E)(ii)).

The Ninth Circuit has applied <u>Buckhannon</u> to conclude that dismissal without prejudice may or may not create a prevailing party. <u>Compare</u> <u>Cadkin v. Loose</u>, 569 F.3d 1142, 1144 (9th Cir. 2009) and <u>Oscar v. Alaska Dep't of Educ. & Early Dev.</u>, 541 F.3d 978, 981 (9th Cir. 2008) <u>with</u> <u>Miles v. California</u>, 320 F.3d 986, 989 (9th Cir. 2003). In <u>Miles</u>, plaintiff brought suit against California under the Americans with Disabilities Act, 42 U.S.C. § 12101. This claim was dismissed on sovereign immunity grounds, albeit "without prejudice to Miles' right to seek any available relief in the state court." 320 F.3d at 989. The Ninth Circuit concluded that this disposition barred plaintiff from refiling the claim in federal court, "chang[ing] the legal relationship of [plaintiff] with respect to the State." <u>Id.</u> The State therefore prevailed under <u>Buckhannon</u> for purposes of Fed. R. Civ. P. 54(d). In <u>Oscar</u>, plaintiff brought suit under 42 U.S.C. § 1983 and the Individuals with Disabilities Education Act. This suit was dismissed without prejudice because plaintiff had failed to sign the underlying administrative complaint. 541 F.3d at 980. Distinguishing <u>Miles</u>, the <u>Oscar</u> court held that dismissal had not altered the parties' legal relationship. Plaintiff was free to re-file the same claim in the same court upon curing the defective administrative complaint. <u>Id.</u> at 982. Accordingly, defendant was not a prevailing party entitled to fees. Finally, in <u>Cadkin</u>, the

1  Ninth Circuit summarized <u>Buckhannon</u>, <u>Miles</u>, and <u>Oscar</u> before

2  concluding that voluntary dismissal without prejudice did not

3  create a prevailing party.  569 F.3d at 1150.[5]

4      Thus, it appears that California and federal authorities are

5  generally in agreement as to what constitutes a prevailing party.

6  <u>Drummond</u> arguably takes a broader view than the federal cases,

7  contemplating that practical, rather than legal, barriers to

8  refiling may create a prevailing party even where dismissal is

9  without prejudice.  In this case, Option One has not argued that

10  any of these other barriers contemplated by <u>Drummond</u> are present.

11  Accordingly, the court need not decide whether other California

12  courts would adhere to this dicta.

13      **3.  Whether Option One Has Prevailed on Individual Claims**

14      As explained above, in order to recover fees incurred in

15  connection with litigation of a claim under a fee shifting

16  contract, a party must show that the claim fell within the scope

17  of the contract and that the party prevailed on the claim.

18  Application of this two-step analysis to the eleven claims at issue

19  in this case yields a number of different results.

20  ////

21

22      [5] Option One cites various out-of-circuit federal authorities
   and a former edition of Wright and Miller's treatise as supporting

23  the contrary view. Reply at 2.  Without determining whether Option
   One has correctly characterized these authorities, the court

24  observes that the most recent of them predates <u>Buckhannon</u> by nearly
   a decade.  <u>Buckhannon</u> itself is nearly a decade old.  At most,

25  defendant's authorities indicate that the federal courts formerly
   disagreed as to the meaning of "prevailing party."  These

26  authorities are not persuasive in the present context.

1               **a.   Plaintiffs' RICO Claim**

2         The  first  of  plaintiffs'  claims  to  be  abandoned  was

3    plaintiffs' RICO claim.   This claim alleged that the notices of

4    default  and  foreclosure  that  Option  One  filed  "were  false,

5    misleading,  and  contrary  to  law,"  and  that  Option  One's  right  to

6    foreclose  upon  the  security  interest  in  the  property  was  a

7    "falsehood."  (<u>Complaint</u> at 19:26-20:07).  Without deciding whether

8    this  claim  falls  within  the  scope  of  the  fee  shifting  agreements,

9    the  court  concludes  that  Option  One  has  not  demonstrated  that  it

10   is  a  prevailing  party  as  to  this  claim.

11        Plaintiffs  omitted  this  claim  when  amending  their  original

12   complaint  as  a  right  under  Fed. R. Civ. P. 15(a).  "It  is  axiomatic

13   that  prejudice  does  not  attach  to  a  claim  that  is  properly  dropped

14   from  a  complaint  under  Rule  15(a)  prior  to  final  judgment."  <u>Hells</u>

15   <u>Canyon Pres. Council v. United States Forest Serv.</u>, 403 F.3d 683,

16   690  (2005).   Because  this  omission  was  made  without  court

17   compulsion,  it  was  effectively  a  voluntary  dismissal.   <u>See also</u>

18   Fed. R. Civ. P. 41(a)(1) (prior to service of an answer or motion

19   for  summary  judgment,  plaintiff  may  voluntarily  dismiss  a  claim

20   without  prejudice  without  requiring  a  court  order).

21        The  voluntariness  is  not  dispositive,  because  a  RICO  claim  is

22   not  a  claim  "on  a  contract"  for  purposes  of  Cal. Civ. Code § 1717.

23   In  considering  claims  for  common-law  fraud,  California  courts  have

24   explained  that  "an  action  for  fraud  *seeking damages* sounds  in  tort,

25   and  is  not  'on  a  contract'  for  purposes  of  an  attorney  fee  award,

26   even  though  the  underlying  transaction  in  which  the  fraud  occurred

1  involved a contract containing an attorney fee clause." Super 7

2  Motel Associates, 16 Cal. App. 4th at 549 (citing Stout v. Turney,

3  22 Cal. 3d 718, 730 (1978)) (emphasis added).  The focus on the

4  remedy sought appears equally applicable to RICO claims.

5      Even under the Cal. Code. of Civ. P., dismissal without

6  prejudice ordinarily does not produce a prevailing party.  Option

7  One has not identified any barrier to refiling of this claim or any

8  other change in the legal relationship between the parties.  Under

9  Drummond, Santisas, and Cadkin Option One has not prevailed on this

10  claim.

11             **b.   Plaintiffs' TILA Rescission Claim**

12      Plaintiffs' TILA rescission claim was a claim "on a contract,"

13  because it sought to rescind the contracts at issue.  As such, it

14  falls within the scope of Cal. Civ. Code § 1717.  As noted above,

15  § 1717 provides an immutable rule that when a claim is voluntarily

16  dismissed, there is no prevailing party for purposes of fee

17  shifting agreements.  Here, plaintiff voluntarily dismissed this

18  claim by declining to re-plead it despite the court's denial Option

19  One's motion to dismiss this claim.  Accordingly, Option One did

20  not prevail as to this claim.

21      Again, Cal. Civ. Code § 1717 applies to claims "on a

22  contract."  California courts have interpreted this term broadly.

23  In part, it includes actions "based on" or "sound[ing] in"

24  contract.  Santisas, 17 Cal. 4th at 617.  More generally,

25  California Court of Appeals have explained that:

26  ////

> "On a contract" does not mean only traditional breach of contract causes of action. Rather, "California courts liberally construe 'on a contract' to extend to any action as long as an action *involves a contract* and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit."

Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc., 158 Cal. App. 4th 479, 486 (2007) (quoting California Wholesale Material Supply, Inc. v. Norm Wilson & Sons, Inc., 96 Cal. App. 4th 598, 605 (2002)). The Ninth Circuit, applying California law, has explained that "an action to avoid or rescind an agreement because of fraudulent inducement . . . is an action on a contract within the meaning of section 1717." Heritage Ford v. Baroff (In re Baroff), 105 F.3d 439, 443 (1997) (citing Star Pacific Inv., Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447 (1981)). In numerous cases, California courts have held that plaintiffs who brought claims for rescission had brought an action "on a contract" for purposes of Civil Code § 1717. See Yuba Cypress Housing Partners, Ltd. v. Area Developers, 98 Cal. App. 4th 1077, 1081, 1083 (2002) (plaintiff rescinding under state statutory right entitled to fees), Weber v. Langholz, 39 Cal. App. 4th 1578, 1586 (1995) (plaintiff's TILA rescission claim within the scope of § 1717, such that prevailing defendant entitled to fees), Super 7 Motel Associates v. Wang, 16 Cal. App. 4th 541, 549 (1993) (plaintiff who prevailed on claim for rescission based on fraud entitled to fees under contractual agreement and § 1717).

Because the TILA rescission claim was "on a contract," section

1  1717 controls, including section 1717's provision that voluntary

2  dismissal does not give rise to a prevailing party. Here,

3  plaintiffs' TILA rescission claim was voluntarily dismissed.  The

4  court's order filed January 5, 2010 in pertinent part denied

5  defendants' motion to dismiss this claim and granted plaintiffs

6  leave to file an amended complaint.  In filing an amended complaint

7  pursuant to that leave, plaintiffs omitted their TILA rescission

8  claim.  Under Hells Canyon and Fed. R. Civ. P. 41(a)(1), this was

9  effectively a voluntary dismissal without prejudice.  As such, Cal.

10 Civ. Code § 1717 provides that regardless of the other consequences

11 that flowed from this dismissal, Option One is not a prevailing

12 party entitled to fee recovery with respect to this claim.[6]  See,

13 e.g., Santisas, 17 Cal. 4th at 622-23 (holding that plaintiff's

14 voluntary dismissal with prejudice did not entitle defendant to

15 recover fees for claims within the scope of Cal. Civ. Code § 1717,

16 notwithstanding the fact that defendant could recover fees for

17 ──────────────

18 [6] The court notes that although omission of the TILA
rescission claim from the Second Amended Complaint resulted in
dismissal without prejudice under Hells Canyon, plaintiffs are

19 nonetheless effectively barred from refiling this claim.  TILA
provides a three year statute of repose for rescission claims that

20 cannot be extended through tolling, estoppel, relation back, or
related doctrines.  Falcocchia v. Saxon Mortgage, Inc., 2010 U.S.

21 Dist. LEXIS 52274, *12-13 (E.D. Cal. 2010) (Karlton, J.) (citing
Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir.

22 2002) and Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998)).
This period began on or around December 5, 2006 and expired in

23 December 2009.  Thus, it appears that plaintiffs cannot re-file
this claim.

24     This barrier to refiling might be type that Drummond assumed
might give rise to prevailing party status even where dismissal was

25 without prejudice.  Drummond, 149 Cal. App. 4th at 53.  The court
need not consider the issue, because where Civ. Code § 1717 applies

26 voluntary dismissal never creates a prevailing party.

1  other claims).

2         **c.  Plaintiffs' RESPA and TILA Damages Claims**

3         Plaintiffs' TILA damages and RESPA claims are predicated on

4  Option One's alleged failure to provide disclosures required by

5  TILA and RESPA in the negotiation of the loan agreement. (FAC ¶

6  54-55, ¶ 76). These claims fell within the scope of the fee

7  shifting provision and were involuntarily dismissed on the merits.

8  Option One has prevailed on these claims.

9         The deed of trust grants a right to fees incurred in claims

10 "*arising out of or in connection with* this Security Instrument, the

11 Note, or any other note." Deed of Trust ¶ 32 (emphasis added).

12 Santisas construed a similar provision, a home sale contract

13 granting a right to recover fees for claims "arising out of the

14 execution of th[e] agreement." Santisas, 17 Cal. 4th at 603. The

15 Court held that this language was broad enough to encompass claims

16 for negligent misrepresentation in connection with the sale and an

17 unspecified claim for negligence. Id. at 608 (citing Lerner v.

18 Ward, 13 Cal. App. 4th 155, 160 (1993)). In this case, it is clear

19 that plaintiffs' claims regarding disclosures and the initial

20 transaction arose out of the deed of trust.

21         The court granted Option One's Fed. R. Civ. P. 12(b)(6) motion

22 to dismiss these claims.  Order filed January 5, 2010 (Dkt. No.

23 44).  The court granted plaintiffs leave to amend in order to cure

24 the identified deficiencies regarding these claims.  Although this

25 dismissal was "without prejudice," it was also an adjudication on

26 the merits.  See Fed. R. Civ. P. 41(b). Plaintiffs declined to

attempt to cure these claims, as their Second Amended Complaint contained no federal causes of action.  At the time plaintiffs chose not to include these claims in the Second Amended Complaint, these claims had already been dismissed--it was not the case that plaintiffs omitted these claims pursuant to a Rule 15 amendment. C.f. Hells Canyon, 403 F.3d at 690.[7]  Because of this merits adjudication and the fact that the court has entered final judgment, plaintiffs are now precluded from refiling these claims. Under Santisas, Option One has prevailed on these claims.

### d. Plaintiffs' Negligence Claim Predicated on RESPA.

One theory of negligence liability alleged in plaintiffs' Second Amended Complaint was that Option One acted negligently by violating RESPA.  Specifically, plaintiffs alleged that Option One failed to respond to plaintiffs' Qualified Written Request in violation of 12 U.S.C. § 2605(e) and failed to provide notice of the transfer of the servicing rights in violation of 12 U.S.C. § 2605(c).  SAC ¶ 122 (Dkt. No. 48).

The purported obligations to respond to a qualified written request and to inform plaintiff of a transfer of servicing rights both arose "in connection with" the deed of trust and promissory note.

Although this claim was voluntarily dismissed, it was not a claim "on a contract."  In Santisas, the Court held that tort

_____

[7] Because there was no voluntary dismissal of these claims, it is immaterial for purposes of this case whether the TILA damages and RESPA claims were claims "on a contract" for purposes of Cal. Civ. Code § 1717.

1  claims for negligence and negligent misrepresentation, although

2  they were claims "arising under" the real estate transaction and

3  thus within the scope of the fee shifting agreement, were not

4  claims "on a contract" for purposes of Cal. Civ. Code § 1717.  17

5  Cal. 4th at 622.  In this case, plaintiffs' demand for tort damages

6  in connection with this claim further indicates that it was not on

7  a contract.  See Super 7 Motel Associates, 16 Cal. App. 4th at 549

8  (citing Stout, 22 Cal.3d at 730).

9      At the hearing on Option One's motion to dismiss the Second

10 Amended Complaint, the court explained to the parties that the

11 negligence claim predicated RESPA violations potentially provided

12 an ongoing basis for federal jurisdiction.  Plaintiffs then elected

13 to abandon this claim.  The court ordered this claim dismissed with

14 prejudice.  Accordingly, Option One has prevailed as to this claim.

15          **e.    Claims Dismissed for Lack of Subject Matter**

16                  **Jurisdiction**

17     The majority of plaintiffs' claims were dismissed for lack of

18 subject matter jurisdiction, as no federal question remained and

19 the parties were not diverse.  Such a dismissal is without

20 prejudice.  Fed. R. Civ. P. 41(b).  The court does not decide

21 whether these claims fell within the scope of the fee agreements

22 at issue.  Option One has not prevailed as to these claims,

23 regardless of which of the two California frameworks applies.

24 Plaintiffs are free to refile these claims in state court.

25 Moreover, although the court declined to exercise supplemental

26 jurisdiction over these claims, should some other basis for federal

1  jurisdiction arise, plaintiffs could again request supplemental

2  jurisdiction over these claims. Thus, plaintiffs have not been

3  barred from bringing these claims in federal court. C.f. Miles,

4  320 F.3d at 989.

5       This includes plaintiffs' claims for fraud and breach of

6  fiduciary duty. Although the court dismissed these claims on

7  January 5, 2010, plaintiffs sought to cure these defects. Because

8  the court declined to exercise supplemental jurisdiction over these

9  claims, the court did not determine whether the amendments were

10  successful. Accordingly, the court has not reached the merits of

11  these claims.

12  **B.   The Court Declines to Award Fees under The Agreements**

13       As explained above, Option One has achieved a very narrow

14  victory, prevailing at most on plaintiffs' TILA damages claim,

15  RESPA claim, and negligence claim insofar as that claim was

16  predicated on RESPA violations. For two reasons related reasons,

17  the court declines to award fees here.

18       In interpreting Cal. Civ. Code § 1717, the California Supreme

19  Court has explained that "If neither party achieves a complete

20  victory on all the contract claims, it is within the discretion of

21  the trial court to determine which party prevailed on the contract

22  or whether, on balance, neither party prevailed sufficiently to

23  justify an award of attorney fees." Scott Co. v. Blount, Inc., 20

24  Cal. 4th 1103, 1109 (1999). "[A] determination of no prevailing

25  party results when the ostensibly prevailing party receives only

26  part of the relief sought." Hsu v. Abbara, 9 Cal. 4th 863, 875

1   (1995) (citing <u>Deane Gardenhome Assn. v. Denktas</u>, 13 Cal. App. 4th

2   1394, 1398 (1993)).  This discretion is explicitly conferred by the

3   statute, which provides that except in cases of voluntary dismissal

4   or other circumstances not relevant here, "the party prevailing on

5   the contract shall be the party who recovered a greater relief in

6   the action on the contract.  The court may also determine that

7   there is no party prevailing on the contract for purposes of this

8   section."  Cal. Civ. Code § 1717(b)(1).  Although the court is not

9   aware of any analogous provision in the Cal. Code of Civ. P., it

10  appears likely that the court retains similar discretion with

11  regard to claims governed by that framework.[8]  In this case, Option

12  One received a narrow victory on a small subset of the claims at

13  issue.

14      Relatedly, a party seeking fees bears the burden of showing

15  the reasonableness of the number of hours worked in connection with

16  the claims on which the party is entitled to fees.  Option One has

17  not met this burden.  The court notes that counsel for Option One

18  did not demonstrate any awareness of the fraction of the negligence

19  claim dismissed with prejudice until the court raised the issue at

20  oral argument.  Accordingly, no hours are attributable to that

21  claim.  Option One's evidence does not enable to court to determine

22  how many hours were spent on the issues of RESPA liability and TILA

23

24      [8] This issue, like many others in this case, has been
    completely ignored by the parties.  The court reiterates that Cal.
25  Code Civ. P. 1032(a)(4)'s definition of "prevailing party" does not
    control interpretation of fee shifting agreements.  <u>Supra</u> note 2;
26  <u>Chinn</u>, 166 Cal. App. 4th at 190, 193 (citing <u>Santisas</u>, 17 Cal.4th
    at 621–622);

1   damages liability, but after reviewing the briefing in this case,

2   the court infers that this was a small fraction of Option One's

3   total work.

4        Because of Option One's limited success, Option One would at

5   most be entitled to a small fraction of the fees requested.  Option

6   One has failed to meet its burden in demonstrating the work

7   underlying that success.  Moreover, it appears that even if Option

8   One had made this evidentiary showing, the limited nature of Option

9   One's success would confer upon the court discretion to conclude

10  Option One was not entitled to fees at all.  For these reasons, and

11  given the likelihood that in any event, Option One could not, in

12  fact, collect on any award, the court will terminate litigation of

13  this case and deny further filings.  Accordingly, no attorney's

14  fees will be awarded under the agreements.[9]

15  **C.   The Court's Inherent Power to Award Fees**

16       Option One alternatively argues that the court should award

17  fees under the court's inherent authority.

18       Courts have inherent authority to sanction parties or their

19  lawyers for improper conduct "when the losing party has acted in

20  bad faith, vexatiously, wantonly, or for oppressive reasons." Fink

21  v. Gomez, 239 F.3d 989,991 (9th Cir. 2001) (citing Roadway Express,

22  Inc. v. Piper, 447 U.S. 752, 776 (1980)).

23  _____

24       [9] In any event, defendants' request for fees premised on an
     asserted hourly rate of $400 plus to $500 plus would never be
     awarded by this court.  Attorneys are entitled to charge their
25   clients any amount their clients are willing to pay, that question
     is entirely different than what this court would award as
26   reasonable.

1    Option One has not shown bad faith here.  Bad faith may exist

2    where "an attorney knowingly or recklessly raises a frivolous

3    argument."  Primus Auto. Fin. Serv., Inc. v. Batarse, 115 F.3d 644,

4    649 (9th Cir. 1997).  Here, the court held that four of plaintiffs'

5    claims were insufficiently pled, but this does not demonstrate--and

6    the court does not otherwise conclude-- that the dismissed claims

7    were frivolous and that plaintiffs' counsel knew or should have

8    known that to be the case.

9    Option One also invokes Wages v. IRS, 915 F.2D 1230 (9th Cir.

10   1990), which held that an attempt "to file an amended complaint

11   that did not materially differ from one which the district court

12   had already concluded did not state a claim" was evidence of bad

13   faith.  Id. at 1235.  Here, the court only found four of the claims

14   in any of plaintiffs' complaints to be insufficiently pled.

15   Plaintiffs only attempted to re-plead two of these claims,

16   abandoning the others, and the court does not conclude that these

17   two claims were so similar as to the prior pleading as to

18   demonstrate bad faith.[10]

19   Finally, bad faith may exist where a party "argues a

20   meritorious claim for the purpose fo harassing an opponent."  Primus

21   Auto. Fin. Serv., 115 F.3d at 649.  Option One has not shown a

22   harassing purpose here.  Accordingly, the court declines to award

23   fees under the court's inherent power.

24

25       [10] Of course, the court does not does not conclude that the
     plaintiffs' efforts at amendment sufficed to cure the previously
26   identified defects.  That question is not before the court.

**IV. Conclusion**

For the reasons stated above, the Option One's motion for fees (Dkt. No. 68) is DENIED.

IT IS SO ORDERED.

DATED:  June 25, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT